UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREGORY LEASER,

     Plaintiff,

v.                             Case No.:  8:20-cv-2209-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## OPINION AND ORDER

Plaintiff Gregory Leaser seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.    Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.     Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v.*

*Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.    Procedural History

Plaintiff filed an application for supplemental security income benefits on January 31, 2018, alleging disability beginning August 17, 2011. (Tr. 78, 189-92). Plaintiff later amended the onset date to January 31, 2018, the application date. (Tr.

57, 62). The application was denied initially and on reconsideration. (Tr. 78, 97).

Plaintiff requested a hearing and on October 17, 2019, a hearing was held before

Administrative Law Judge Ryan Kirzner ("ALJ"). (Tr. 40-63). On November 22,

2019, the ALJ entered a decision finding Plaintiff not under a disability from January

31, 2018, the date the application was filed. (Tr. 24-24).

Plaintiff requested review of the decision, but the Appeals Council denied

Plaintiff's request on August 4, 2020. (Tr. 1-5). Plaintiff initiated the instant action

by Complaint (Doc. 1) filed on September 18, 2020, and the case is ripe for review.

The parties consented to proceed before a United States Magistrate Judge for all

proceedings. (Doc. 22).

**D.      Summary of ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not

engaged in substantial gainful activity since January 31, 2018, the application date.

(Tr. 26). At step two, the ALJ found that Plaintiff had the following severe

impairments: "degenerative disc disease of the cervical spine; chronic obstructive

pulmonary disease (COPD); obesity; and a mental impairment variously diagnosed

to include bipolar I disorder and depressive disorder." (Tr. 26). At step three, the

ALJ found that Plaintiff did not have an impairment or combination of impairments

that meets or medically equals the severity of any of the listed impairments in 20

C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). (Tr. 27).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 [C.F.R. §] 416.967(c) except: the claimant is limited to no more than occasional climbing of ladders, ropes, and scaffolds, and stooping; frequent climbing of ramps and stairs, and crawling; need to avoid concentrated exposure to extreme heat, humidity, fumes, odors, pulmonary irritants, and workplace hazards, defined as unprotected heights and moving mechanical parts; no more than simple, routine tasks; and no more than occasional interaction with supervisors, co-workers, and the general public.

(Tr. 29).

At step four, the ALJ found Plaintiff was unable to perform any past relevant work as a carpenter and kitchen helper. (Tr. 32). At step five, the ALJ relied on the testimony of a vocational expert to find that considering Plaintiff's age (55 on the application date), education (at least high school), work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 33-34). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1)  hand packager, DOT 920.587-018,[1] medium, SVP 2

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

(2)   industrial cleaner, DOT 381.687-018, medium, SVP 2

(3)   machine feeder, DOT 699.686-010, medium, SVP 2

(Tr. 33-34). The ALJ concluded that Plaintiff had not been under a disability since January 31, 2018, the date the application was filed. (Tr. 34).

## II.   Analysis

On appeal, Plaintiff raises two issues: (1) whether the ALJ adequately considered a medical opinion in assessing Plaintiff's RFC; and (2) whether the ALJ properly considered an alleged conflict between the DOT and the vocational expert's testimony. (Doc. 23, p. 5, 8).

### A.   Consideration of a Medical Opinion

Plaintiff claims that the ALJ only "weighed" the opinion of a State agency medical consultant at the Reconsideration level, Bettye Stanley, D.O. (Doc. 23, p. 6). Plaintiff argues that Dr. Stanley determined Plaintiff was limited to light work rather than medium work, and the ALJ did not satisfactorily explain why he did not adopt Dr. Stanley's finding. (Doc. 23, p. 6). Plaintiff claims that the ALJ's reasons for not adopting Dr. Stanley's finding were vague and not supported by the record. (Do. 23, p. 6).

To start, under the new regulations, an ALJ does not "weigh" a medical opinion. The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or give any specific evidentiary weight

to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given the following five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 404.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will

be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. § 404.1513(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. § 404.1513(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. 404.1513(a)(3).

In this case, the ALJ explained why he found Dr. Stanley's opinion only partially persuasive, especially as to Dr. Stanley's determination that Plaintiff could perform work at the light exertional level with additional limitations:

> The undersigned has considered the opinion of the State agency medical consultant at the Reconsideration level, Bettye

Stanley, D.O., and finds her opinion only partially persuasive. Dr. Stanley opined that the claimant has the residual functional capacity for light exertional work with the additional limitations as follows: frequent climbing of ramps and stairs; occasional climbing of ladders, ropes, and scaffolds; occasional stooping; and frequent crawling; avoid concentrated exposure to extreme heat, humidity, fumes, pulmonary irritants, and hazards (Exhibit 3A/11-13). While the portions of Dr. Stanley's opinion regarding the claimant's postural and environmental limitations are consistent with the objective evidence of record, her opinion that the claimant is limited to light exertional activity is not supported by the overall evidence of record. The objective evidence of record consistently documents normal findings, with no evidence of deficits in motor functioning, strength, gait, or range of motion.

(Tr. 32).

In sum, while the ALJ found Dr. Stanley's postural and environmental limitations supported by and consistent with the objective evidence of record, he found her determination that Plaintiff was capable of performing work at the light exertional activity inconsistent and unsupported. Previously in the decision, the ALJ found the medical findings did not support limitations greater than those in the RFC. (Tr. 30). Specifically, the ALJ noted that Plaintiff complained of disabling neck pain and shortness of breath, but diagnostic testing showed relatively mild findings. (Tr. 30). The ALJ then proceeded to support this statement by referring to imaging of Plaintiff's cervical spine, spirometry testing, and treatment modalities that had been conservative, such as medications and chiropractic therapy. (Tr. 30). The ALJ also found that objective signs and findings on physical examination showed normal gait and stance, normal reflexes, normal range of motion, and 5/5 motor strength. (Tr.

30). The ALJ likewise noted that Plaintiff presented at the hearing with a cane, but there was no evidence in the record to support the use of a cane and no prescription for a cane. (Tr. 30). Thus, when considering the decision as a whole, the ALJ articulated clear and specific reasons why he found Dr. Stanley's opinion only partially persuasive and why he did not adopt Dr. Stanley's light exertional level finding. Substantial evidence supports the ALJ's consideration of Dr. Stanley's opinion and supports the RFC assessment.

### B.   Conflict Between DOT and Vocational Expert's Testimony

Plaintiff claims that the ALJ erred in not properly complying with Social Security Ruling 00-4p by not finding and resolving an apparent conflict between the vocational expert's testimony and the DOT. (Doc. 23, p 8, 12). Plaintiff claims that there is a conflict between an RFC limiting Plaintiff to perform simple, routine, tasks and the jobs of industrial cleaner and hand packager, which both require a reasoning level of 2.

For any conflict at step five between limitations in an RFC and job requirements as listed in the DOT, "the ALJ has an affirmative obligation to identify any 'apparent' conflict and to resolve it. The failure to properly discharge this duty means the ALJ's decision is not supported by substantial evidence." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018) (quoting SSR 00-4p, 2000 WL 1898704)). An ALJ must ask the vocational expert to identify and explain

any conflict between his or her testimony and the DOT. *Id.* at 1363. Moreover, "the ALJ is expected to take notice of apparent conflicts, even when they are not identified by a party, and resolve them." *Id.* at 1363.

In the RFC, the ALJ limited Plaintiff to "no more than simple, routine tasks." (Tr. 29). The ALJ posed a hypothetical to the vocational expert which included a limitation "to no more than simple, routine tasks." (Tr. 59). The vocational expert testified that an individual with the limitations set forth in the hypothetical would be capable of performing the job of hand packager, industrial cleaner, and machine feeder. (Tr. 60). The ALJ asked if this testimony was consistent with the DOT, and the vocational expert responded it was. (Tr. 60).

Plaintiff argues that there is a conflict between simple, routine, tasks and a reasoning level 2. The Eleventh Circuit decided otherwise. It determined that a limitation to simple, routine, and repetitive work does not conflict with a job that requires a reasoning level of 2. *See Valdez v. Comm'r of Soc. Sec.*, 808 F. App'x 1005, 1009 (11th Cir. 2020) (finding that the plaintiff did not argue that the jobs with a level 2 reasoning level conflicted with simple, routine, and repetitive work, and the Court found they do not.). Therefore, there is no apparent conflict to resolve in this case and the ALJ did not err when finding Plaintiff capable of performing the jobs of hand packager, industrial cleaner, and machine feeder. Substantial evidence

supports the ALJ's determination that there were other jobs in the national economy that Plaintiff could perform.

## III.    Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 25, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 13 -